**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 3, 2018[*]
Decided October 31, 2018

**Before**

DANIEL A. MANION, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 17-3482

| | |
|---|---|
| RAHUL CHAUDHARI KUMAR,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A 205 585 943 |
| JEFFERSON B. SESSIONS III,<br>Attorney General of the United States,<br>    *Respondent*. | |

**O R D E R**

Rahul Chaudhari Kumar, a citizen of India, petitions for review of the denial of his motion to reopen his immigration proceedings based on changed circumstances: greater fear of political persecution because a rival political party gained control of the national government. The Immigration Judge denied Kumar's motion to reopen because Kumar failed to show a material change in country conditions sufficient to warrant reopening. The Board of Immigration Appeals affirmed that decision. In his

---

[*]We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal was submitted on the briefs and record. *See* FED. R. APP. P. 34(f).

petition for review Kumar argues that the Board's denial of his motion was an abuse of discretion. We deny the petition.

Kumar became a member of the Indian National Congress (often called the Congress Party) in 2010. The Congress Party has historically been popular since India's independence in 1947 (seven prime ministers from this party have been elected). The Congress Party and the Bharatiya Janata Party (BJP) are the two largest national political parties in India.

Kumar lived in the village of Khalol in the state of Gujarat. He canvassed door to door supporting the party and the election of his friend, attended party meetings, and participated in political protests. According to Kumar, local BJP members started to harass and threaten him (the timing of the alleged harassment is not reflected in the record). They told Kumar that if he did not stop campaigning for the Congress Party and join the BJP, severe consequences would ensue. Not dissuaded, Kumar continued working for the Congress Party.

Kumar tried to register a complaint with the police about the harassment, but they "would not take his complaint." Instead, says Kumar, the police told him that if he did not leave the Congress Party and join the BJP, they would bring "false charges" against him and take him into custody. After leaving the police station, Kumar was followed home by members of the BJP. They started "scuffling" with him, and Kumar's younger brother was injured trying to aid him.

According to Kumar, daily incidents of violence broke out during the 2013 election in Kumar's village between members of the Congress Party and the BJP. The night of an election (details regarding the date and type of election are unclear), people threw rocks into Kumar's house. When he came out of the house to confront the group, Kumar was attacked by a man from behind. Kumar suffered a back injury and had to be taken to the hospital. Fearing for his safety, he fled India in March 2013.

Kumar first traveled to Mexico, and then attempted to enter the United States without legal documents in May 2013 near Douglas, Arizona. He was detained by the Department of Homeland Security and given a credible-fear interview. An asylum officer concluded that Kumar had a credible fear of persecution, so Kumar was released on parole pending an immigration court hearing. Kumar reported in his Motion for Change of Venue that his contact address was Glendale Heights, Illinois. Upon his release from custody, however, and without informing the Department, Kumar went to

live in Wadsworth, Illinois. When the Department sent Kumar the notice of his removal proceeding in August 2013 to the Glendale Heights address, he did not receive it. He missed his hearing, and the Immigration Judge ordered him removed in absentia.

More than two years later, in December 2016, Kumar moved to reopen his proceedings based on changed country conditions. Kumar argued that because Narendra Modi, a member of the BJP, was elected Prime Minister of India in May 2014, and because the BJP established a parliamentary majority, he was more likely to face political persecution or even death at the hands of the BJP. As another basis for reopening, he asserted that he had established exceptional circumstances for failing to appear at his hearing: he was not told in Gujarati dialect that he needed to inform the Department of his change of address. He did not seek review of that determination, and we do not consider it.

The Immigration Judge denied the motion to reopen because Kumar failed to show that the BJP gaining influence after the national election was a material change in country conditions. The Board of Immigration Appeals upheld the IJ's ruling. The Board found that the evidence Kumar submitted reflected ongoing strife in India between various political parties, and that Kumar had not demonstrated how those conditions had changed in a material way. The Board also determined that Kumar had not presented any evidence that Modi's election placed Kumar at a greater risk from politically motivated persecution than he otherwise would have been subject to on his return to India.

An applicant seeking to reopen proceedings must show (1) changed country conditions (2) that are material, and (3) that the evidence showing changed circumstances was not previously available and could not have been discovered or presented at the prior hearing in the case. 8 U.S.C. § 1229a(c)(7)(C)(ii); *Joseph v. Holder*, 579 F.3d 827, 833–34 (7th Cir. 2009). We have found a material change in country conditions, for example, when a woman whose Christian beliefs would compel her to join a church not recognized by the Chinese government demonstrated that the government's persecution of Christians had worsened since she left China. *Liu v. Holder*, 718 F.3d 706, 709–13 (7th Cir. 2013). We review the Board's denial of a motion to reopen for an abuse of discretion. *Kebe v. Gonzales*, 473 F.3d 855, 857 (7th Cir. 2007).

Kumar argues that the Board erred by failing to properly consider the change in government as the basis for changed country conditions. He contends that the BJP coming into power is a material change because he "already had problems in India

when the Congress Party was in power … and thus reasonably claims it is much more likely that he would have more serious problems in the future since the BJP Party took over."

The Board appropriately concluded that Kumar did not demonstrate a material change in country conditions because the evidence he presented demonstrates, at most, a continuation of circumstances in India—general conditions of strife and instances of violence. And "cumulative evidence that conditions asserted in the original application 'persisted' is not evidence of changed circumstances." *Zhao v. Gonzales*, 440 F.3d 405, 407 (7th Cir. 2005); *Jiang v. Holder*, 639 F.3d 751, 756 (7th Cir. 2011). The evidence Kumar submitted does not show a marked decline in conditions for those in the political minority. Kumar submitted one newspaper article that states that the BJP "now feels at liberty to intimidate and bully those who dare question its ideological writ," but the author of the article concedes that the BJP is not the first or only political party to express hostility towards views it finds disagreeable. The other articles Kumar submitted show only that the BJP has increased its influence since winning the election in 2014, but they fail to demonstrate that members of the Congress Party—or any party, for that matter—have been subject to any sort of violence as a result. The rest of the evidence, in the form of U.S. Department of State Human Rights Reports, merely demonstrates that India has, and likely will continue to suffer from political, social, and demographic-based strife. The Board, therefore, did not abuse its discretion in finding that Kumar did not show material changed circumstances.

The Board did not abuse its discretion in declining to disturb the Immigration Judge's decision not to reopen the case. We therefore DENY the petition for review.